# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00224-MR

| | |
|---|---|
| BRIAN CUDD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>THE PRUDENTIAL INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>Defendant. ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss the Plaintiff's Complaint. [Doc. 7].

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2020, the Plaintiff, Brian Cudd ("Plaintiff"), initiated this action against the Prudential Insurance Company of America ("Prudential") and Curtiss-Wright Corporation Long Term Disability Insurance Plan ("Curtiss-Wright") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). [Doc. 1]. On November 6, 2020, the Plaintiff voluntarily dismissed his claims against Curtiss-Wright,

leaving Prudential as the only remaining defendant in this action. [Doc. 6]. In his Complaint, the Plaintiff alleges that at all relevant times he was employed by Curtiss-Wright and was a participant in Curtis-Wright's long-term disability plan ("the Plan"), which was administered by Prudential. [Doc. 1 at 2-3]. The Plaintiff brings this claim asserting that Prudential wrongfully terminated his long-term disability ("LTD") benefits to which he was entitled according to the Plan. [Id. at 3-4].

The Plaintiff alleges that he became disabled in February of 2016. [Id. at 3]. He applied for disability benefits in accord with the Plan and was awarded both short-term disability ("STD") and LTD benefits. [Id.]. Two years later, however, Prudential terminated the Plaintiff's LTD payments, effective July 31, 2018. [Id.]. The Plaintiff pursued his administrative remedies, and Prudential denied the Plaintiff's appeal. [Id.]. The critical language of the Plan reads as follows:

> When Do You Notify Prudential of a Claim?
>
> We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner. Written notice of a claim should be sent within 30 days after the date your disability begins or as soon as reasonably possible. However, you must send Prudential *written proof of your claim no later than 90 days after your elimination period ends.* If it is not possible to give proof within 90 days, it must be given as soon as reasonably possible.

[Doc. 8-1 at 36] (emphasis added). The elimination period is 180 days. [Id. at 6]. Further, the Plan includes the following information regarding when Prudential may terminate LTD payments:

> We will stop sending you payments and your claim will end on the earliest of the following:
>
> 1. During the first 24 months of payments, when you are able to work in your regular occupation on a part-time basis but you choose not to; after 24 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to.
>
> 2. The end of the maximum period of payment.
>
> 3. The date you are no longer disabled under the terms of the plan.
>
> 4. The date you fail to submit proof of continuing disability satisfactory to Prudential.
>
> 5. The date your disability earnings exceed the amount allowable under the plan.
>
> 6. The date you die.

[Id. at 24-25]. The Plan also includes the following contractual limitations period for bringing legal action regarding a claim:

> What Are the Time Limits for Legal Proceedings?
>
> You can start legal action regarding your claim 60 days after proof of claim has been given and *up to 3 years from the time proof of claim is required*, unless otherwise provided under federal law.

3

[Id. at 38] (emphasis added).

The Plaintiff filed this action on August 15, 2020. [Doc. 1]. Prudential now moves to dismiss the Plaintiff's Complaint as untimely. [Doc. 7].

## II. STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the Court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.

Although the Court accepts well-pled facts as true, the Court is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256. Namely, the complaint is

4

required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffair.com, 591 F.3d at 256.

### III. DISCUSSION

A contractual limitations period for filing suit under ERISA is enforceable if it is reasonable, even where it begins "to run before the cause of action accrues." Heimeshoff v. Hartford Life & Accident Ins. Co., 571 U.S. 99, 105-06 (2013). Thus, a reasonable contractual limitations period for a suit under ERISA may start to run even during a period when the claimant is still pursuing administrative remedies prior to filing suit. See id.

"ERISA plans are contractual documents which, while regulated, are governed by established principles of contract and trust law." Johnson v.

Am. United Life Ins. Co., 716 F.3d 813, 819 (4th Cir. 2013). Thus, the terms of an ERISA plan should be enforced "according to 'the plan's plain language in its ordinary sense.'" Id. at 820 (quoting Wheeler v. Dynamic Eng'g, Inc., 62 F.3d 634, 638 (4th Cir. 1995)). When interpreting the plan's terms, the Court should ask how a "reasonable person in the position of the plan participant would have understood" the plan's terms. Id. Furthermore, ERISA plans should be "construed as a whole" such that every provision in the plan is given effect and no provision is rendered "superfluous or meaningless." Id. Where a term is ambiguous, it should be construed in favor of the plan participant. Id. (stating that ERISA plan terms should be construed "in accordance with the reasonable expectations of the insured"); see also Cosey v. Prudential Ins. Co of Am., 753 F.3d 161, 165 (4th Cir. 2013).

Prudential argues that the Plaintiff's Complaint is barred by the contractual limitations period set out in the Plan. [Doc. 8 at 5]. According to Prudential, the Plaintiff's contractual limitations period for bringing this action expired on October 29, 2019, three years after the proof of claim was due under the Plan.[1] [Id. at 3-4].

---

[1] According to Prudential, the Plaintiff's proof of claim was due, at the latest, on October 29, 2016, 270 days (90 days after the 180-day elimination period ended) following the onset of the Plaintiff's disability on or about February 2, 2016. [Doc. 8 at 3].

6

The Plan states that, after disability begins, plan participants must provide Prudential with "proof of claim" within ninety days of the elimination period ending. [Doc. 8-1 at 36]. Although the Plan does not define "proof of claim," that phrase is used throughout the contract in connection with an *initial* claim for LTD benefits following the onset of disability. [See id.]. Construing the allegations in the Complaint in the light most favorable to the Plaintiff, Cudd successfully initiated his claim for LTD benefits. Thus, the condition precedent under the Plan of providing a proof of claim was fulfilled.

Prudential did not deny the Plaintiff's claim. It terminated the Plaintiff's benefits some two years after approving his claim. The Plan does not reference a "proof of claim" with regard to the termination of LTD benefits. For example, the Plan states that Prudential may terminate payments if a plan participant is no longer disabled, a plan participant fails to provide "proof of continuing disability," or Prudential determines, as it did here, that a plan participant is "able to work in any gainful occupation on a part-time basis" after twenty-four months of payments, among other reasons. [Doc. 8-1 at 24-25; Doc. 8-2 at 1]. The Plan measures the contractual limitations period for the denial of an initial claim based on when "proof of claim" is due but makes no reference to a "proof of claim" in these other provisions stating when Prudential will stop disbursing LTD payments. [Doc. 8-1 at 38].

7

These provisions must be read together "to give effect to every provision" of the plan.  Johnson, 716 F.3d at 820; see also Thomas, 2021 WL 1316073 at *5 (holding that defendant insurance company's right to pay "remaining benefits through the end of [a forty-eight month] Benefit Period must be read in conjunction with [a three-year] contractual limitations period" such that the limitations period began to run when defendant failed to pay the remaining benefits, rather than when proof of loss was due).  The contractual limitations period pertains to an action to enforce the Plaintiff's initial LTD claim.  As such, it is measured from the date the initial proof of claim is due.  This provision, however, does not address when an action must be brought regarding the *termination* of benefits.  Therefore, the contractual limitations period does not apply here.  This is consistent with how a reasonable plan participant would understand the Plan's terms.  After all, a termination could occur more than three years after the proof of claim date.  No reasonable plan participant would understand this provision to require bringing suit regarding a termination before benefits are even terminated.

Prudential relies on cases where the defendants denied the plaintiffs' initial LTD claims and never paid any LTD benefits.  See Heimeshoff, 571 U.S. at 102-03; Hyatt v. Prudential Ins. Co. of Am., 2014 WL 5530130 at *1-

8

3 (W.D.N.C. Oct. 31, 2014).  Thus, the cases cited by Prudential "support [Prudential's] reading of the contractual limitations period only to the extent that the contractual limitations period is intended to apply to claims relating to the approval or denial of a claim." Thomas v. Great S. Life Ins. Co., 2021 WL 1316073 at *5 (W.D.N.C. Apr. 8, 2021).  These cases do not address the question presented here: whether the contractual limitations period measured from the initial proof of claim has any application in a situation where a plan participant's initial claim for LTD benefits is granted but those payments are later terminated.

Further, Prudential's interpretation of the Plan would only allow the Plaintiff to bring legal action within three years of when the initial proof of claim was due.  This "would allow [Prudential] to simply stop paying any benefits after 36 months of beginning payments without repercussion." Thomas, 2021 WL 1316073 at *5.  Under Prudential's interpretation, although maximum benefits under the Plan could extend beyond three years, until the Plaintiff reaches retirement age, [Doc. 8-1 at 6-7], Prudential could avoid accountability for policy violations occurring after the first three years.  Such an outcome would be "patently absurd," see Thomas, 2021 WL 1316073 at *5, and inconsistent with the "reasonable expectations of the insured," see Johnson, 716 F.3d at 819.

9

For all these reasons, the three-year contractual limitations period does not apply to the facts of this case. Therefore, the Court "must look to the most analogous state statute of limitations." Hyatt, 2014 WL 5530130 at *3.[2] Here, the Plan is "governed by the laws of the State of New Jersey." [Doc. 8-1 at 9]. The Court therefore applies New Jersey's six-year breach of contract statute of limitations to the Plaintiff's claim. N.J. STAT. ANN. § 2A:14-1.

Under ERISA, a statute of limitations "does not ordinarily begin to run until the statutorily mandated internal appeals process is exhausted." Hyatt, 2014 WL 5530130 at *3 (quoting Singleton v. Temp. Disability Benefits Plan for Salaried Emps. of Champion Int'l Corp. No. 505, 183 F. App'x 293, 295 n.2 (4th Cir. 2006)). On March 9, 2018, Prudential terminated the Plaintiff's LTD benefits, effective July 31, 2018, and, on January 22, 2019, Prudential issued a denial letter rejecting the Plaintiff's mandatory appeal of that termination. [Doc. 9-1, at 2, 7]. Thus, the six-year statutory limitations period began running on January 22, 2019, and the Plaintiff's action is not barred.

---

[2] there is no statute of limitations for bringing a cause of action under ERISA

**ORDER**

**IT IS, THEREFORE, ORDERED,** that the Defendant's Motion to Dismiss [Doc. 7] is **DENIED.**

**IT IS SO ORDERED.**

Signed: September 16, 2021

Martin Reidinger
Chief United States District Judge

11

Case 1:20-cv-00224-MR   Document 19   Filed 09/16/21   Page 11 of 11