IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00224-MR

| | |
|---|---|
| BRIAN CUDD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRUDENTIAL INSURANCE )<br>COMPANY OF AMERICA, et al., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Amend Scheduling Order and Extend Discovery Deadline [Doc. 26] and the Defendant Prudential Insurance Company of America's Motion to Quash Plaintiff's Untimely Discovery Requests [Doc. 28].

## I. PROCEDURAL BACKGROUND

In August 2020, the Plaintiff Brian Cudd initiated this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1001, et seq., against Prudential Insurance Company of America ("Prudential"), to secure long-term disability and other benefits to which the

Plaintiff is allegedly entitled.[1]  [Doc. 1].  In November 2020, Prudential moved to dismiss the Plaintiff's Complaint.  [Doc. 7].  On September 16, 2021, the Court denied the Defendant's Motion to Dismiss.  On October 26, 2021, the Court entered a Pretrial Order and Case Management Plan establishing the following deadlines:

| | |
|---|---|
| Mediator Designation: | November 23, 2021 |
| Filing of Administrative Record: | November 23, 2021 |
| Discovery Completion: | February 4, 2022 |
| Mediation: | February 15, 2022 |
| Dispositive Motions: | March 15, 2022 |

[Doc. 22].

The parties have designated a mediator [see Doc. 23], and the Administrative Record has been filed [Doc. 24].  The parties have scheduled a mediation for February 9, 2022.

In mid-November, the Plaintiff's counsel, Bryan Tyson, underwent an unexpected surgery resulting in hospitalization for several days.  Mr. Tyson

---

[1] The Plaintiff also sued Curtiss-Wright Corporation Long Term Disability Insurance Plan (the "Plan"), but subsequently dismissed his claims against this Defendant without prejudice.  [Doc. 6].

was not able to work in the office in a full-time capacity for several weeks during the course of his recovery. [See Doc. 26 at 2].

On January 7, 2022, the Plaintiff's counsel served Prudential with the First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions. [Id.]. The thirty-day response deadline for these discovery requests is Monday, February 7, 2022, which is three days beyond the current discovery deadline of February 4, 2022.

On January 20, 2022, the Plaintiff filed the present motion, seeking a three-day extension of the discovery deadline so that Prudential could timely respond to the Plaintiff's discovery requests. [Doc. 26]. Prudential opposes the Plaintiff's motion and separately moves to quash the Plaintiff's discovery requests as untimely. [Docs. 27, 28]. In the event that the Plaintiff's motion is granted, Prudential asks for a full thirty days, starting from the date of this Court's Order, to respond to the Plaintiff's requests. [Doc. 27 at 6 n.1].

## II. DISCUSSION

The Pretrial Order entered in this case states that "[d]iscovery requests that seek responses . . . after the discovery completion deadline are not enforceable except by order of the Court for good cause shown." [Doc. 22 at 2]. The Pretrial Order further cautions: "Should the Plaintiff seek to take any limited discovery as may be allowed in an ERISA action, any such

3

discovery shall be completed no later than February 4, 2022. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order." [Id.].

Here, the Court finds that the Plaintiff has established good cause for his request, as his counsel's health issues essentially precluded him from working on this case for several weeks. The Court further finds that Prudential will not be unduly prejudiced by a brief extension of the discovery period. The Court will give Prudential until March 8, 2022 to respond to the Plaintiff's discovery requests.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 26] is **GRANTED**, and the deadline for the completion of discovery is hereby **EXTENDED**. The Defendant shall have through and including **March 8, 2022**, to respond to the Plaintiff's discovery requests.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Quash [Doc. 28] is **DENIED**.

**IT IS SO ORDERED**.

Signed: February 8, 2022

Martin Reidinger
Chief United States District Judge